IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $26,023.00 IN U.S. CURRENCY SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON APRIL 10, 2018, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT IN FORFEITURE**

NOW COMES plaintiff, the United States of America, by Justin E. Herdman, United States Attorney for the Northern District of Ohio, and James L. Morford, Assistant U.S. Attorney, and files this Complaint in Forfeiture, respectfully alleging as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

JURISDICTION AND INTRODUCTION

1. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. Section 1345, and over an action for forfeiture under 28 U.S.C. Section 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. Section 881(a)(6).

2. This Court has *in rem* jurisdiction over the defendant currency pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1355(b)(1)(B), incorporating 28 U.S.C. Section 1395, because the action accrued in this district.

3. Venue is proper in this district pursuant to: (i) 28 U.S.C. Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in this district; and, (ii) 28 U.S.C. Section 1395 because the action accrued in this district.

4. This Court will have control over the defendant currency through service of an arrest warrant *in rem*, which the United States Marshals Service will execute upon the defendant currency. *See*, Supplemental Rule G(3)(b) and G(3)(c).

5. On April 10, 2018, Special Agents and Task Force Officers of the Drug Enforcement Administration (DEA) – in conjunction with the Cuyahoga County Sheriff's Office - seized the defendant $26,023.00 in U.S. Currency (hereinafter, the "defendant currency") at Room 410 of the WoodSpring Suites hotel, located at 1610 Moore Road, Avon, Ohio. The seizure was made pursuant to the execution of a search warrant.

6. The defendant currency is now in the custody of the United States Marshals Service.

7. The DEA commenced an administrative forfeiture proceeding against the defendant currency. A claim to the defendant currency was submitted in the administrative forfeiture proceeding by Matthew Said, thereby requiring the filing of this judicial forfeiture action.

8. The defendant currency is subject to forfeiture to the United States under 21 U.S.C. Section 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities,

and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

### MATTHEW SAID'S CRIMINAL (DRUG) HISTORY AND PRIOR FORFEITURES INVOLVING MATTHEW SAID

9. On September 12, 2007, Matthew Said entered a guilty plea to the following charge in Case No. CR-07-494237, Cuyahoga County Court of Common Pleas: Drug Possession (count 2 - felony 1), in violation of O.R.C. § 2925.11. The Court imposed a prison sentence at the Lorain Correctional Institution of three (3) years.

10. Also in Case No. CR-07-494237, Cuyahoga County Court of Common Pleas, the following properties were forfeited: 9mm handgun, cell phone, and a scale.

11. On February 11, 2013, Matthew Said entered a guilty plea to the following charges in Case No. CR-12-567504, Cuyahoga County Court of Common Pleas:

  a.) Trafficking Offense [(amended) count 5 - felony 2], in violation of O.R.C. Section 2925.03 A(2).

  b.) Having Weapons While Under Disability (count 9 – felony 3), in violation of O.R.C. § 2923.13 A(3).

12. Defendant Said was sentenced in Case No. CR-12-567504 to five (5) years on Count 5 and to 36 months on Count 9, to run concurrent with each other for a total prison term at the Lorain Correctional Institution of five (5) years. Additionally, *inter alia*, the Court ordered the forfeiture of the following properties to the State of Ohio: $11,159.00 U.S. Currency, a 2003 Jaguar, $800.00 U.S. Currency, and four (4) firearms.

13. Post release control was ordered in Case No. CR-12-567504. In this regard, an Indictment was returned against Matthew Said on July 18, 2018, which charged him with Escape (felony 4), in violation of O.R.C. § 2921.34(A)(3). *See*, Case No. 630139-18-CR, Cuyahoga County Court of Common Pleas.

## FORFEITURE

14. On April 10, 2018, agents/investigators of the DEA Cleveland District Office (CDO) and the Cuyahoga County Sheriff's Office (CCSO) used a confidential source to purchase one (1) ounce of cocaine from Matthew Said and another for $950.00. It was determined that Said was the source of supply for the cocaine.

15. Following this transaction, Said was followed by investigators to the WoodSpring Suites (Room 410), located at 1610 Moore Road, Avon, Ohio. At approximately 9:30 p.m. on April 10, 2018, a state search warrant was executed at Room 410.

16. CDO investigators knocked and announced their presence and the existence of a search warrant for Room 410. This "knock and announce" was not acknowledged.

17. After a reasonable amount of time, initial entry into Room 410 was attempted through the use of a master key. However, this attempt was unsuccessful because Room 410 was locked from the inside. CDO investigators determined to forcibly gain entry into Room 410 by the use of a door ram.

18. Upon a successful breach of the entry door – and an additional announcement of their presence – CDO investigators then encountered a locked bathroom door.

19. It was immediately apparent to CDO investigators that Said had locked himself in the bathroom and was attempting to dispose of cocaine by flushing it down the toilet. At this time, investigators forcibly breached the bathroom door.

20. Upon breaching the bathroom door, CDO investigators encountered Said standing in the bathroom, leaning over the toilet, and holding a plastic bag containing an unknown quantity of cocaine. Investigators attempted to detain Said. Said forcibly resisted. As a result, a

quantity of (powder) cocaine was thrust into the air, which created a hanging cloud of (powder) cocaine that enveloped all investigators present.

21. Both the CDO investigators and Said ended up on the floor. Said continued to actively and forcefully resist the efforts of the investigators to detain him. As a result of the struggle, and with the safety of the investigators paramount, an investigator deployed his Taser. Said ceased his resistance, and investigators were able to detain him without further incident.

22. Said was assisted to his feet and taken into a hallway, away from the bathroom and the cocaine "cloud". When asked if he was injured, Said stated "No, my leg just hurts." EMS was called to evaluate Said.

23. Said was advised of his *Miranda* rights, which he indicated he understood and was willing to waive.

24. Said was asked if the powder was "fentanyl, heroin or cocaine". Said replied it was "coke".

25. At this time, Said was advised of the search warrant for the hotel room and was given an overview of the investigation. Said agreed to speak with law enforcement.

26. Among other things, Said stated the following during the interview:

a.) He was introduced to a person living in Chicago. Said described the person as a Mexican male (hereinafter, "the male").

b.) Said contacted the male by phone and arranged to purchase one kilogram of cocaine. Said stated that he drove to Chicago, met with the male, and was fronted one kilogram of cocaine.

c.) Said had the cocaine transported from Chicago to Cleveland, where he (Said) took possession of the cocaine and sold it.

d.) About a week ago, he drove back to Chicago, where he again met with the male. Said paid the male approximately $30,000.00 and received two (2) additional kilograms of cocaine. Said again had the cocaine transported back to Cleveland, where he (Said) took possession of it.

5

e.) He had sold about $24,000.00 worth of the cocaine so far and the profit from those sales was located inside of the hotel room. Said stated that he had over one kilogram of cocaine left and that was what he was attempting to flush down the toilet as agents entered the room.

f.) Said stated that he owed the male approximately $60,000.00 for the two kilograms, and that he was attempting to sell one kilogram of the cocaine to an individual.

g.) Said stated that he usually only sells ounces of cocaine at a time.

27. Avon FD EMS arrived on scene and examined Said. Said refused treatment or transport to the hospital.

28. CDO investigators searched Room 410 for items related to the trafficking of drugs. Among other things, the investigators seized the following items:

a.) $24,980.00 U.S. Currency was recovered from inside a Rubbermaid storage container located in the bedroom portion of the hotel room.

b.) $1,043.00 U.S. Currency was recovered from the kitchenette counter.

c.) Three (3) Ziploc bags containing cocaine were recovered on the bathroom floor. The bags contained approximately 27.84 grams, 188.90 grams, and 8.35 grams of cocaine, respectively.

d.) Two digital scales were recovered in the bottom dresser drawer.

e.) One digital scale was recovered from the bedroom desk.

f.) Two cell phones were recovered from the bedroom end table.

29. Other than law enforcement personnel, Said was the only person present during the execution of the search warrant on April 10, 2018, and was the renter of Room 410.

30. The defendant $26,023.00 in this case is the total of: (i) the $24,980.00 U.S. Currency recovered from inside the Rubbermaid storage container [¶ 28(a)]; plus, (ii) the $1,043.00 U.S. Currency recovered from the kitchenette counter [¶ 28(b)].

31. The $1,043.00 U.S. Currency recovered from the kitchenette counter was found to contain $150.00 of "buy money" from the April 10, 2018, controlled cocaine purchase described in paragraph 14, above.

32. The breakdown of the defendant $26,023.00 is as follows: 53 ($100) bills, 61 ($50) bills, 883 ($20) bills, 1 ($10) bill, and 3 ($1) bills.

33. $20 bills frequently are used to conduct illegal drug transactions.

34. On June 19, 2018, an eight-count Indictment was returned against Matthew Said in Case No. 629623-18-CR, Cuyahoga County Court of Common Pleas. The Indictment was based upon the execution of the April 10, 2018 search warrant at Room 410 and, particularly, charged defendant Said as follows:

Count 1: (Drug) Trafficking (felony 1), in violation of O.R.C. § 2925.03(A)(1).

Count 2: (Drug) Trafficking (felony 1), in violation of O.R.C. § 2925.03(A)(2).

Count 3: Drug Possession (felony 1), in violation of O.R.C. § 2925.11(A).

Count 4: (Drug) Trafficking with Major Drug Offender Specification (felony 1), in violation of O.R.C. § 2925.03(A)(2).

Count 5: Drug Possession with Major Drug Offender Specification (felony 1), in violation of O.R.C. § 2925.11(A).

Count 6: Tampering With Evidence (felony 3), in violation of O.R.C. § 2921.12(A)(1).

Count 7: Resisting Arrest (misdemeanor 2), in violation of O.R.C. § 2921.33(A).

Count 8: Possessing Criminal Tools (felony 5), in violation of O.R.C. § 2923.24(A).

## CONCLUSION

35. By reason of the foregoing, the defendant $26,023.00 in U.S. Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for

illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

WHEREFORE, plaintiff, the United States of America, requests that this Court enter judgment condemning the defendant currency and forfeiting it to the United States, and providing that the defendant currency be delivered into the custody of the United States for disposition according to law, and for such other relief as this Court may deem proper.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By: _____
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

## VERIFICATION

STATE OF OHIO ) 
) SS.
COUNTY OF CUYAHOGA )

I, James L. Morford, under penalty of perjury, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and the attorney for the plaintiff in the within entitled action. The foregoing Complaint in Forfeiture is based upon information officially provided to me and, to my knowledge and belief, is true and correct.

_____
James L. Morford (Ohio: 0005659)
Assistant United States Attorney, N.D. Ohio

Sworn to and subscribed in my presence this  11  day of September, 2018.

_____
Notary Public

Anna J. Dudas
Notary Public, State of Ohio
My Commission Expires  12-5-2021

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$26,023.00 in U.S. Currency seized during the execution of a search warrant on April 10, 2018

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lorain County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James L. Morford, Assistant U.S. Attorney - 400 U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 - 216.622.3743

Attorneys *(If Known)*

Myron P. Watson, Esq., 1144 Rockefeller Building, 614 West Superior Avenue, Cleveland, Ohio 44113 - office: 216.274.1100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
civil forfeiture action under 21 U.S.C. Section 881(a)(6).

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  _____   DOCKET NUMBER  _____

DATE: 09/12/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.** Civil Categories: (Please check <u>one category only</u>).

1. [✓] General Civil
2. [ ] Administrative Review/Social Security
3. [ ] Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

CASE NUMBER: _____

**II.** **RELATED OR REFILED CASES**. See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled. Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

This action is [ ] **RELATED** to another **PENDING** civil case. This action is [ ] **REFILED** pursuant to **LR 3.1**.

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.** In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of the divisional offices therein. Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER. UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

(1) **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
**COUNTY:**
<u>Corporation</u> **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

(2) **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
<u>**COUNTY:**</u> Lorain County

(3) **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
**COUNTY:**

**IV.** The Counties in the Northern District of Ohio are divided into divisions as shown below. After the county is determined in Section III, please check the appropriate division.

**EASTERN DIVISION**

[ ] AKRON (Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)
[✓] CLEVELAND (Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake, Lorain, Medina and Richland)
[ ] YOUNGSTOWN (Counties: Columbiana, Mahoning and Trumbull)

**WESTERN DIVISION**

[ ] TOLEDO (Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry, Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca VanWert, Williams, Wood and Wyandot)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $26,023.00 IN U.S. CURRENCY SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON APRIL 10, 2018, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | **PRAECIPE** |

The United States of America respectfully requests that the Clerk of this Court issue the attached Warrant of Arrest *in Rem* to the United States Marshals Service (USMS) pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Respectfully submitted,

Justin E. Herdman
U.S. Attorney, Northern District of Ohio

By: /s/ James L. Morford
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

# United States District Court

## NORTHERN DISTRICT OF OHIO

WARRANT OF
ARREST *IN REM*

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, on __September 12, 2018__ a __Complaint in Forfeiture__ was filed in this Court by Justin E. Herdman, United States Attorney for this District, on behalf of the United States, against:

$26,023.00 in U.S. Currency seized during the execution of a search warrant on April 10, 2018

(CATS Asset ID No.: 18-DEA-640580)

and WHEREAS, the defendant currency is currently in the possession, custody, or control of the United States; and,

WHEREAS, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions directs the Clerk of the Court to issue a Warrant of Arrest *In Rem* for the arrest of the defendant currency; and,

WHEREAS, Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that the Warrant of Arrest *In Rem* must be delivered to a person or organization authorized to execute it;

YOU ARE COMMANDED to arrest the defendant currency by serving a copy of this warrant on the custodian in whose possession, custody, or control the currency is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

YOU ARE FURTHER COMMANDED to file the same in this Court with your return thereon.

| WITNESS THE HONORABLE | UNITED STATES DISTRICT JUDGE AT |
|---|---|
| DATE<br>September 12, 2018 | CLERK<br><br>(BY) DEPUTY CLERK |

Returnable __-60-__ days after issue.

### UNITED STATES MARSHALS SERVICE

| DISTRICT | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| U.S. MARSHAL | | |

USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

Case: 1:18-cv-02091 Doc #: 1-4 Filed: 09/12/18 1 of 1. PageID #: 14

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| $26,023.00 in U.S. Currency seized on April 10, 2018 | Warrant of Arrest in Rem |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
$26,023.00 in U.S. Currency seized on April 10, 2018 (CATS Asset ID No.: 18-DEA-640580).
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

James L. Morford, Assistant U.S. Attorney
Office of the United States Attorney, Northern District of Ohio
Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113 - office: 216.622.3743

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                   Fold

$26,023.00 in U.S. Currency seized during the execution of a search warrant on April 10, 2018 (CATS Asset ID No.: 18-DEA-640580).

Signature of Attorney other Originator requesting service on behalf of:   ✓ PLAINTIFF   ☐ DEFENDANT   TELEPHONE NUMBER: 216.622.3743   DATE: 9/12/18

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date        Time     ☐ am  ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $26,023.00 IN U.S. CURRENCY SEIZED DURING THE EXECUTION OF A SEARCH WARRANT ON APRIL 10, 2018, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | **NOTICE OF FORFEITURE** |

To: Matthew Said
c/o Myron P. Watson, Esq. - Attorney for Matthew Said
1144 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113

The above-captioned forfeiture action was filed in U.S. District Court on September 12, 2018. A copy of the Complaint in Forfeiture is attached. If you (Matthew Said) claim an interest in the defendant currency, the following applies.

Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, you are required to file with the Court, and serve upon James L. Morford, plaintiff's attorney, whose address is United States Attorney's Office, 400 United States Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, a verified claim to the defendant currency within 35 days after your receipt of the complaint. The claim shall contain

the information required by Rule G(5) of the said Supplemental Rules. Additionally, you must file and serve an answer to the complaint, or a motion under Rule 12 of the Federal Rules of Civil Procedure, within 20 days after the filing of the claim, exclusive of the date of filing. If you fail to do so, judgment will be taken for the relief demanded in the complaint.

          Respectfully,

          Justin E. Herdman
          U.S. Attorney, Northern District of Ohio

By: _____
          James L. Morford (Ohio: 0005657)
          Assistant United States Attorney, N.D. Ohio
          Carl B. Stokes U.S. Court House
          801 West Superior Avenue, Suite 400
          Cleveland, Ohio 44113
          216.622.3743 / Fax: 216.522.7499
          James.Morford@usdoj.gov

Date: September 12, 2018