**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | **CASE NO. 1:18 CV 2091** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **$26,023.00 in U.S. Currency,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### Introduction

This matter is before the Court upon the United States' Motion for Summary Judgment on the Issue of Standing (Doc. 18). The motion is UNOPPOSED and GRANTED.

### Facts

Plaintiff United States of America filed this Complaint in Forfeiture against the defendant $26,023.00 in U.S. Currency. Plaintiff alleged that the $26,023.00 is subject to forfeiture under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances, and/or was used or was intended to be used to facilitate illegal drug trafficking activities.

1

A Verified Claim and an Answer to Complaint were filed by Matthew Said, stating that he "is the sole owner of these monies . . . [and] the funds centralized in this matter were in my possession." Discovery documents were thereafter served on Said's attorney inquiring as to Said's recent employment history and whether Said had owned any business(es) during the years immediately preceding the seizure of the defendant currency, and seeking information concerning the nature of Said's interest in the defendant currency and how he obtained the defendant currency. Documents and records were also requested. Said responded with a blanket assertion of the Fifth Amendment privilege.

This matter was then stayed pending resolution of a case with the same issue of standing in the United States Court of Appeals for the Sixth Circuit. A decision was then issued in *United States of America v. $31,000.00 in U.S. Currency*, 774 Fed.Appx. 288 (6th Cir. 2019), and this case was reopened.

This matter is now before the Court upon the United States' Motion for Summary Judgment on the Issue of Standing. No opposition has been filed to the motion. Nor has there been any request for an extension of time to respond.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its

> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates the
> absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Even where a motion for summary judgment is unopposed, the court must review the

3

portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists. *F.T.C. v. E.M.A. Nationwide, Inc*., 767 F.3d 611, 629 (6th Cir. 2014).

The Court has reviewed the motion, which is fully incorporated herein, and exhibits thereto, and agrees with the plaintiff for all the reasons stated therein that summary judgment is appropriate on the issue of standing. *$31,000.00 in U.S. Currency*, *supra*, held that a court may strike a claimant's ownership statement from his verified claim based upon his abuse of the discovery process by a blanket assertion of the Fifth Amendment privilege. When the ownership statement is struck, summary judgment is appropriate because without that statement, the claimant is left with an unexplained claim of possession which is insufficient to establish standing.

Like *$31,000.00 in U.S. Currency*, claimant Matthew Said used the Fifth Amendment privilege as a stonewalling tactic in refusing to respond to the plaintiff's requests for basic information regarding his ownership statement. Consequently, the Court strikes the ownership statement from the Verified Claim. Possession alone is insufficient to establish Article III standing at the summary judgment stage of a civil forfeiture proceeding. *$31,000.00 in U.S. Currency*, *supra.*

For these reasons and those stated in the plaintiff's unopposed motion, plaintiff is entitled to summary judgment.

**Conclusion**

For the foregoing reasons, the United States' Motion for Summary Judgment on the Issue of Standing is granted.

IT IS SO ORDERED.

＿/s/ Patricia A. Gaughan＿＿＿
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/13/19